STATE OF WEST VIRGINIA

*v.*

SPENCER T. MYERS

(No. 14383)

Decided July 17, 1981.

*Lawrence B. Lowry, Barrett, Chafin, Lowry & Hampton,* for Myers.

*Chauncey H. Browning,* Attorney General, *Paula Dean Maas,* Assistant Attorney General, for the State.

PER CURIAM:

The defendant, Spencer T. Myers, was convicted of first degree arson in the Circuit Court of Cabell County and was subsequently sentenced to an indeterminate term of two to twenty years in the State Penitentiary. In this appeal he contends, among other things, that the circuit court erred in failing to comply with *W.Va. Code,* 27-6A-1, which provides for the determination of competency of a

defendant to stand trial, and for a determination of criminal responsibility. For the reasons set forth below, we find defendant's contention to be without merit and we affirm the trial court.

On July 12, 1977, prior to the commencement of defendant's trial, his counsel and the prosecuting attorney made a joint motion for a mental and physical examination pursuant to *W.Va. Code*, 27-6A-1. The motion was granted and the defendant was subsequently transported to Huntington State Hospital for the examination where he refused to be tested. On July 28, 1977, a hearing was held in the circuit court and there it was ascertained that the defendant had refused to be examined because the doctor would not write down his name and because the defendant wanted to know why he was being examined. After the defendant's reasons for refusing the testing had been heard, the court made the statement that: "You certainly don't have to have it [the examination] if you don't want it. Your attorney made a motion on the 12th of July for an examination for you, and if you don't want that examination I am not here to force you. Do you want an examination or not?" The defendant responded in the negative and at that point the hearing was concluded. His counsel made no objection nor did he seek to renew the motion or disclose to the court any reasons why there was reason to believe that the defendant was incompetent to stand trial. He did state that the defendant's refusal to undergo an examination was against his advice. The defendant was subsequently tried and convicted for the arson of his mother's Huntington, West Virginia home in which he also resided. No issue of insanity was raised at the trial.

The defendant claims that the court erred in failing to proceed under *W.Va. Code*, 27-6A-1 when his competency was placed before the court in a motion requesting that he undergo a mental and physical examination. Specifically, the defendant argues that this case comes directly within our holding in *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976). However, the defendant's reliance on *Milam* is misplaced since it dealt with the right to a pretrial hearing in regard to incompetency to stand trial, where psychiatric

reports raised a question as to the defendant's competency to stand trial.

Here, the issue is whether the court erred in refusing to require a mental examination when the defendant initially refused to cooperate and there was nothing presented to the court to suggest that the defendant was mentally incompetent. This issue is controlled by Syllabus Point 4, in part, of *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980) which states: "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for psychiatric evaluation."

In Syllabus Point 3 of *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), we had stated:

"Whether a formal inquiry as to the mental capacity or competency of a defendant should be ordered is a question to be resolved within the sound discretion of the trial court."

Obviously the teaching of *Demastus* is that the trial court's discretion is limited and where there is some showing initially that the defendant is mentally incompetent, a psychiatric examination should be ordered. Here there was nothing shown to the trial court which would suggest that the defendant was mentally incompetent.

The defendant cites *United States v. Johnson*, 527 F.2d 1104 (4th Cir. 1975) where the court held that it is error to defer to the wish of a defendant who opposes a psychiatric examination where there is reasonable cause to believe that he is insane or mentally incompetent. The evidence in that case amply showed there was reasonable cause to believe the defendant was insane or incompetent.

The court in *Johnson* pointed out that with evidence of incompetency in the record, the trial court could not refuse to order an examination on the basis that the defendant resisted it because his resistance might be a further indication of his mental problems. Here there is no initial showing of mental incompetency; consequently, *Johnson* is distinguishable.

We therefore conclude that the trial court did not abuse its discretion. We find the defendant's remaining assign-

ments to be without merit, and for the reasons set forth above, the judgment of the trial court is affirmed.

*Affirmed.*