557 S.E.2d 346

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Kenneth CHAPMAN, Defendant Below, Appellant.**

No. 29633.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 7, 2001.

Decided Nov. 30, 2001.

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

C. Jane Moran, Jane Moran Law Offices, Williamson, for Appellant.

PER CURIAM:

This case is before the Court on the appeal of the defendant below and appellant, Kenneth Chapman, who pled guilty to two counts of malicious wounding. The appellant was sentenced to a period of confinement in the penitentiary of not less than two nor more than ten years on each of the counts with the sentences to run consecutively. The appellant now claims that the circuit court erred in failing to establish his competency before accepting his plea and in failing to provide him with a fact-finding process to ensure his competency to enter a plea. The appellant further alleges that he was denied effective assistance of counsel.

This Court has before it the petition for appeal, the record, and the briefs and arguments of counsel. For the reasons set forth below, we affirm the circuit court.

## I.

### FACTS

In the early morning hours of February 18, 1996, an intruder broke into the Man, West Virginia home of John Lawrence, age 81, and his sister, Mary Lawrence, age 79. After being discovered by Mary Lawrence, the intruder beat Ms. Lawrence with a claw hammer. When Ms. Lawrence's brother, John, came to her aid, the intruder beat him with the claw hammer also. He then dragged the Lawrences from the living room through the kitchen to the bathroom of the house, leaving a trail of blood through each room.

After the intruder fled the scene, the Lawrences called the police and informed them that the intruder was the appellant, Kenneth Chapman. Police officers followed footprints in the snow from the Lawrence home to the residence where the appellant lived with his parents. Officers searched the appellant's residence, pursuant to his parents' consent, and discovered the appellant's blood-soaked clothing. Officers also found a claw hammer with blood on it near the appellant's residence. The blood on both the clothing and the hammer matched the victims' blood. Officers then transported the Lawrences to the Chapman residence where they identified the appellant as their attacker.

The appellant was charged with two counts of malicious assault and one count of burglary. The appellant's counsel moved for a psychiatric evaluation of the appellant to determine if he was competent to stand trial, and the circuit court granted the motion. As a result, the appellant was examined by Timothy Saar, Ph.D., a psychologist, and Imelda Alfonso, M.D., a psychiatrist. Dr. Saar submitted a report which stated:

> I interviewed the above named individual and administered the Wechsler Adult Intelligence Scale–Revised (WAIS–R) on July 2, 1996. It is my understanding that you would like me to evaluate Mr. Chapman in order to assess his competency to stand trial. In order to do this, Mr. Chapman must be able to understand the nature of the proceedings and the charges and be able to communicate and cooperate with his attorney.
>
> *TEST RESULTS:* On the WAIS–R, the patient's Full Scale I.Q. was 69 (64–73), Verbal I.Q. was 60 (55–65), and his Performance I.Q. was 81 (75–89).

Mr. Chapman scored in the mild mental retardation range for both Full Scale I.Q. and Verbal I.Q. He scored in the low average range for his Performance Scale. There was a statistical significance of 21 points between his Verbal and Performance at the .01 level. However, it should be noted that a full 20% of individuals will score a Verbal/Performance difference of 15 points or greater. Thus, the significant possibility of pathology is greater at the 25 point or more difference.

As indicated, Mr. Chapman displayed a difference in his Verbal/Performance score. As a general rule, the Verbal score is more subjective to cultural influences whereas the Performance scales are more cultural free. Mr. Chapman's lower Verbal score may indicate the lack of benefits he received from his education. His higher Performance score, as compared to his Verbal score, may indicate a number of interpretive possibilities including the ability to integrate perceptual stimuli with relevant motor responses, a tendency toward low academic achievements, possible acting out, a doer rather than a thinker, or someone from a relatively low socioeconomic background.

It is my opinion that Mr. Chapman is competent to stand trial but it is recommended that the proceedings be explained in concrete and simplified terms to Mr. Chapman.

Dr. Alfonso submitted a hand-written report which read:

> This is in response to your request regarding evaluation of Mr. Kenneth Chapman for competency to stand trial.

> He was interviewed on this date [and] was given a diagnosis of Major Depressive Disorder, single episode, severe [illegible] Marijuana abuse. I reviewed Dr. Saar's evaluation [and] I agree with his conclusion. He was able to understand the nature of the proceedings [and] the charges against him [and] appeared to be competent to stand trial provided that all proceedings are explained in concrete and simplified [illegible].

The appellant filed a "Petition To Enter Guilty Plea" form and under the "Attorney's Certificate" section of the form, the appellant's lawyer signed his name but wrote beside his signature, "I do not currently believe my client to be competent to stand trial or understand the rights he is waiving." At the subsequent plea hearing, the circuit court conducted a lengthy and detailed colloquy with the defendant. The circuit court then inquired of the appellant's lawyer to what extent he thought the appellant understood what he was doing. The appellant's lawyer responded:

> Your Honor, at the time we finished these forms I was concerned that he didn't completely understand the rights that he was waiving. However, today, based on his statements today and based on the psychiatric and psychological reports, I would be prepared to say that I think he's competent to enter his plea.

The circuit court then made the following findings:

> I've considered everything in this case. I've considered the documents, I've considered Mr. Chapman's testimony here today. I looked over the psychiatric and psychological reports and I'm aware that he does have significant and substantial mental impairment that impairs his functioning. I'm sure [the appellant's lawyer], in his dealings with him, has attempted to compensate for those. I've tried to be as simple as I can in asking the questions. There has been feedback; more than just yes or no. You have answered things, you brought out some specifics about what the evidence was and about witnesses. You understood and you gave me some answers, enough so I think in considering all this and in considering what you've done here today, what you've said here today, and the psychiatric and psychologicals, that you do have the competency to stand trial. I previously said that. I think you also are competent to enter your plea.

The circuit court also found that the appellant's plea was voluntary and knowing.

On September 26, 1996, the circuit court sentenced the appellant to not less than two nor more than ten years on each malicious assault count with the sentences to run con-

secutively. The appellant was resentenced on October 31, 2000 in order that he could perfect an appeal to this Court.

## II.

## DISCUSSION

### 1. Competency Issue

The appellant challenges the adequacy of the procedures below to determine his competency to stand trial.

■ In Syllabus Point 3 of *State v. Arnold,* 159 W.Va. 158, 219 S.E.2d 922 (1975), *overruled on other grounds by State v. Demastus,* 165 W.Va. 572, 270 S.E.2d 649 (1980), this Court held that "[w]hether a formal inquiry as to the mental capacity or competency of a defendant should be ordered is a question to be resolved within the sound discretion of the trial court." We further explained in *State v. Sanders,* 209 W.Va. 367, 379, 549 S.E.2d 40, 52 (2001), (*citing State v. Arnold),*

Because a trial court is able to observe the demeanor of the defendant and consequently has a better vantage point than this Court to make determinations regarding mental competency, we will disturb a lower court's ruling denying a psychiatric examination and related proceedings only where there has been an abuse of discretion.

Our determination of the competency issues raised by the appellant will be guided by this standard.

■ " 'It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent.' *State v. Cheshire,* 170 W.Va. 217, 219, 292 S.E.2d 628, 630 (1982)." Syllabus Point 5, *State v. Hatfield,* 186 W.Va. 507, 413 S.E.2d 162 (1991). This is true because,

Competence to stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a fair trial, including the right to effective assistance of counsel, the rights to summon, to confront, and to cross-examine witnesses, and the right to testify on one's own behalf

or to remain silent without penalty for doing so.

*Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 1376–77, 134 L.Ed.2d 498 (*quoting Riggins v. Nevada,* 504 U.S. 127, 139–40, 112 S.Ct. 1810, 1817, 118 L.Ed.2d 479 (1992) (Kennedy, J., concurring in judgment) (citation omitted)). The minimal threshold for competency requires that a defendant have both a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam). To ensure that this minimal threshold is met, this Court has held:

No person may be subjected to trial on a criminal charge when, by virtue of mental incapacity, the person is unable to consult with his attorney and to assist in the preparation of his defense with a reasonable degree of rational understanding of the nature and object of the proceedings against him.

Syllabus Point 1, *State v. Milam,* 159 W.Va. 691, 226 S.E.2d 433 (1976). We also have recognized that "[t]he test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syllabus Point 2, *State v. Cheshire,* 170 W.Va. 217, 292 S.E.2d 628 (1982).

■ Our law provides that,

A defendant has both a substantive and a procedural due process right to avoid being tried while mentally incompetent. In order to bring a successful substantive competency claim, a defendant must prove that he or she was, in fact, incompetent at trial. As for a procedural due process claim … a defendant need only demonstrate that he or she was denied an adequate procedure for determining mental competency after the trial court was presented with evidence sufficient to prompt good faith doubt regarding incompetency.

*Sanders,* 209 W.Va. at 377, 549 S.E.2d at 50 (citations omitted). In the instant case, the appellant does not claim that he was incompetent at his plea hearing but rather that he was denied an adequate procedure to deter-

mine his mental competency to make a plea. In W.Va.Code §§ 27–6A–1, *et seq*, the Legislature provided the necessary procedural protections for determining mental competency as outlined by the United States Supreme Court in *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). *See State v. Milam, supra.* Therefore, we will measure the procedural protections afforded to the appellant against the procedures prescribed in that code section.

W.Va.Code § 27–6A–1(a) (1983) states that "[w]henever a court of record . . . believes that a defendant in a felony case . . . may be incompetent to stand trial . . . it may at any stage of the proceedings after the return of an indictment . . . order an examination of such defendant to be conducted by one or more psychiatrists, or a psychiatrist and a psychologist[.]" The circuit court below properly granted defense counsel's motion for a pre-trial psychiatric evaluation in accord with this code section.[1]

According to W.Va.Code § 27–6A–1(c),

the examining psychiatrists, or psychiatrist and psychologist, shall forthwith give to the court of record a written signed report of their findings on the issue of competence to stand trial . . . . Such report shall contain an opinion, supported by clinical findings, as to whether the defendant is in need of care and treatment.

In accord with this code section, the appellant's examining experts, Dr. Saar, a psychologist, and Dr. Alfonso, a psychiatrist, submit-ted written signed reports on the issue of competency. The appellant contends, however, that these reports are brief and perfunctory and fail to show that adequate testing was done to support their findings of competency.[2] He further asserts that these reports do not provide grounds to support their findings. We disagree.

■ Dr. Saar set forth the applicable legal standard for determining competency to stand trial and gave a detailed analysis of the results of the WAIS–R before rendering his opinion. After interviewing the appellant and reviewing Dr. Saar's findings and conclusions, Dr. Alfonso concurred with Dr. Saar's opinion. Although Dr. Alfonso diagnosed the appellant with a single episode of severe depression and substance abuse, neither she nor Dr. Saar recommended treatment for the appellant. W.Va.Code § 27–6A–1(c) mandates simply that psychiatric experts present a report of their findings on the issue of competency. It does not prescribe what tests are to be conducted, the amount of testing, or the level of detail of the experts' reports. Therefore, we believe that the reports of Dr. Saar and Dr. Alfonso meet the requirements of W.Va.Code § 27–6A–1(c), and that the circuit court did not abuse its discretion in accepting these reports as evidence of the appellant's competency.

■ The appellant's next assignment of error is that the circuit court's failure to conduct an evidentiary hearing on the competency issue violated his due process rights.[3]

---

1. "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for psychiatric evaluation." Syllabus Point 4, in part, *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980). Further,

In the interests of future judicial economy, whenever a trial court is confronted with a Motion for Mental Status Evaluation and orders an examination believing that the defendant may be incompetent or insane, the court should order that said examination shall be conducted by "one or more psychiatrists, or a psychologist *and* a psychiatrist", in accordance with *W.Va.Code*, 27–6A–1 [1983].

Syllabus Point 2, *State v. Moore*, 193 W.Va. 642, 457 S.E.2d 801 (1995).

2. In *State v. Jenkins*, 180 W.Va. 651, 379 S.E.2d 156 (1989), this Court held that a finding of competency was sufficiently supported by evi-dence where the defendant was found to be mildly mentally retarded with an I.Q. of 65. In *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980), this Court found that the trial court did not abuse or exceed its legitimate powers in a prohibition proceeding where the trial court ruled that a defendant with a full-scale I.Q. of 61 was competent to stand trial.

3. W.Va.Code § 27–6A–2(a) provides:

At a hearing to determine a defendant's competency to stand trial, the defendant shall be present and he or she shall have the right to be represented by counsel and introduce evidence and cross-examine witnesses. The defendant shall be afforded timely and adequate notice of the issues at the hearing and shall have access to a summary of the medical evidence to be presented by the state. The defendant shall have the right to an examination by an inde-

According to W.Va.Code § 27–6A–1(d), "[i]f the court of record orders or if the defendant or his counsel on his behalf within a reasonable time requests a hearing on such findings, a hearing in accordance with . . . [W.Va. Code § 27–6A–2] . . . shall be held by the court[.]" It is undisputed that the appellant and his counsel did not request an evidentiary hearing. This fact, however, does not remove the circuit court's obligation to provide adequate procedures to determine competency.

> [S]ince the right not to be tried while mentally incompetent is subject to neither waiver nor forfeiture, a trial court is not relieved of its obligation to provide procedures sufficient to protect against the trial of an incompetent defendant merely because no formal request for such has been put forward by the parties. In other words, a trial court has an affirmative duty to employ adequate procedures for determining competency once the issue has come to the attention of the court, whether through formal motion by one of the parties or as a result of information that becomes available in the course of criminal proceedings.

*State v. Sanders,* 209 W.Va. at 377, 549 S.E.2d at 50.

 "There is no due process right to a competency hearing where psychological evidence performed prior to trial revealed that the appellant was aware of his legal rights and able to participate in his defense." Syllabus Point 5, *State v. Garrett,* 182 W.Va. 166, 386 S.E.2d 823 (1989). This Court has held, however, that,

> Under the provisions of W.Va.Code, 27–6A–1, *as amended,* when a trial court has reason to believe that a defendant in a criminal case may be incompetent to stand trial and orders a mental examination of the defendant, the defendant is entitled as a matter of right to a full evidentiary hearing on the question of his competency.

Syllabus Point 2, *State v. Milam.* The appellant argues that defense counsel's motion for a psychiatric evaluation, his lawyer's notation on the "Petition To Enter Guilty Plea," appellant's admission that he suffers from long-term substance abuse and was not able to recall the details of the crime, and his demeanor during the plea hearing provided the circuit court with sufficient evidence that there was a question regarding the appellant's competency.

 The uncontradicted medical evidence before the circuit court indicated that the appellant was competent to stand trial. This is far different from the facts in *State v. Milam,* where this Court found that the defendant's motion for a competency hearing should have been granted. In that case, two experts examined the defendant and presented conflicting findings on his competency. One of the experts found that the defendant suffered from "schizophrenic reaction, paranoid type, mild mental deficiency and organic brain damage." *State v. Milam,* 159 W.Va. at 694, 226 S.E.2d at 437.[4] Similar to the instant case is *State v. Audia,* 171 W.Va. 568, 301 S.E.2d 199 (1983), where this Court found no error in the trial court's refusal to grant a motion for an evidentiary hearing on the day of trial because the psychiatric evidence raised no question as to the defendant's competency. The Court explained that "[u]nder *W.Va.Code,* 27–6A–1(a) [1977], a trial court, in the exercise of its discretion, has no obligation to order mental examinations where there is no initial showing that a defendant is incompetent." *Id.,* 171 W.Va. at 576, 301 S.E.2d at 207 (citations omitted).

 This Court has set forth the types of information that a circuit court may consider in determining whether further inquiry into competency is required:

> Evidence of irrational behavior, a history of mental illness or behavioral abnormali-

pendent expert of his or her choice and testimony from such expert as a medical witness on his or her behalf. All rights generally afforded a defendant in criminal proceedings shall be afforded to a defendant in such competency proceedings except trial by jury.

**4.** *See also State v. Cheshire,* 170 W.Va. 217, 292 S.E.2d 628 (1982) where this Court remanded for a competency hearing where the defendant was allowed to plead guilty despite the fact that four reports reached the anomalous conclusion that the appellant was competent to stand trial, but would be unable to assist in the preparation of her own defense.

ties, previous confinement for mental disturbance, demeanor before the trial judge, psychiatric and lay testimony bearing on the issue of competency, and documented proof of mental disturbance are all factors which a trial judge may consider in the proper exercise of his discretion.

Syllabus Point 5, *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), *overruled on other grounds by State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980). In *State v. Garrett, supra*, the appellant argued that he had a due process right to a hearing prior to trial. The evidence showed that three experts found the appellant competent to stand trial despite the fact that two of the experts diagnosed the appellant with paranoid schizophrenia, for which he had been previously treated on two separate occasions. Also, a previous destruction of property charge against the appellant was later dismissed because of a psychological recommendation that the appellant could not cooperate in a rational manner with an attorney in his own defense. Nevertheless, this Court found, based on the unanimous psychiatrists' and psychologists' reports, that the trial court did not err in failing to conduct an evidentiary hearing.

In the instant case, in contrast to *Garrett*, there was no evidence of irrational behavior other than the crimes committed by the appellant when he was apparently under the influence of drugs and alcohol. The record reveals no prior history of behavioral abnormalities or previous confinement for mental disturbance. While "additional due process measures are required where the defendant's past mental history raises a 'bona fide doubt' as to his competency[,]" *State v. Garrett*, 182 W.Va. at 174, 386 S.E.2d at 831 (1989), such is not the case here.

Finally, the circuit court had the opinion of appellant's counsel who stated at the plea hearing that he believed his client to be competent. This is significant because the United States Supreme Court has observed that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505 U.S. 437, 450, 112 S.Ct. 2572, 2580, 120 L.Ed.2d 353 (1992) (citations omit-

ted). In light of the above, we find that the circuit court's failure to conduct an evidentiary hearing did not violate the defendant's due process rights.

The appellant also complains that the delay in notice of the circuit court's finding of competency until the plea hearing; the lack of opportunity to request an evidentiary hearing; and the State's failure to prove that the appellant was competent all operated to deprive him of his constitutional due process rights. These assertions are without merit.

The record indicates that Dr. Saar's report, which is addressed to defense counsel and dated July 9, 1996, was filed with the circuit court on August 1, 1996. Dr. Alfonso's report, also addressed to defense counsel, is dated July 31, 1996 and was filed with the circuit court on August 6, 1996, which was the day of the plea hearing. The circuit court made its findings on the appellant's competency at the plea hearing. This was within five days of receipt of the reports in accord with W.Va.Code § 27–6A–1(d).

The appellant claims, however, that he was denied an opportunity to request an evidentiary hearing because the circuit court did not notify the parties of its findings on competency prior to the plea hearing, in violation of what is contemplated in W.Va. Code § 27–6A–1(d). The appellant's argument is based on the false premise that a preliminary finding of competency is a necessary prerequisite to a request for a competency hearing. To the contrary, this Court held in Syllabus Point 2 of *State v. Church*, 168 W.Va. 408, 284 S.E.2d 897 (1981) that,

Even though a trial judge does not make a finding on the issue of a criminal defendant's competency to stand trial within five days after the filing of a report by one or more psychiatrists or a psychiatrist and a psychologist, the defendant may request a hearing on that issue under *W.Va.Code*, 27–6A–1(d) [1977], at any reasonable time prior to trial.

In *Church*, the defendant was examined prior to trial by a psychologist and psychiatrist, both of whom found the defendant competent. The trial court failed to make findings on the competency issue within five days of

receiving the reports, as mandated by W.Va. Code § 27–6A–1(d), but heard arguments on the issue on the first day of trial at which time the circuit court ruled that the defendant was competent. On appeal to this Court, the defendant claimed that the trial court's failure to comply with W.Va.Code § 27–6A–1(d) denied him the right to an evidentiary hearing. This Court disagreed, and reasoned that because the defendant had notice of the findings and opinions of the psychiatric examiners, and did not request a competency hearing prior to trial, the defendant was not prejudiced by the trial court's failure to comply with the statute. We held in Syllabus Point 1:

> A trial judge's failure to make a finding on the issue of a criminal defendant's competency to stand trial within five days after the filing of a report by one or more psychiatrists or a psychiatrist and a psychologist in compliance with *W.Va.Code,* 27–6A–1(d) [1977], will not be considered to be reversible error requiring a new trial absent prejudice to the defendant resulting from such failure.

 Similarly, in the present case, the appellant and his counsel had notice of the findings of Dr. Saar and Dr. Alfonso prior to the August 6, 1996 plea hearing and thus had the opportunity to request an evidentiary hearing prior to or at the plea hearing. Accordingly, we find that the appellant was not prejudiced by the fact that the circuit court did not make findings on the issue of competency until the plea hearing, and that any failure by the circuit court to strictly follow the procedures of W.Va.Code § 27–6A–1(d) did not constitute reversible error.

Finally, we find that there was no need for the State to produce evidence of the appellant's competency because there was no conflicting evidence before the circuit court. The only medical evidence produced indicated that the appellant was competent.

In sum, we conclude that the reports of Dr. Saar and Dr. Alfonso were adequate under W.Va.Code § 27–6A–1(c), and that the appellant was not denied procedural due process rights.

## 2. *Ineffective Assistance of Counsel Claim*

The appellant also assigns as error the claim that he was denied effective assistance of counsel because his trial counsel failed to request an evidentiary hearing on the issue of competency pursuant to W.Va.Code § 27–6A–2(a).

 We held in Syllabus Point 5 of *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995):

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Also,

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syllabus Point 6, *State v. Miller.* Further, "we always should presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden[.]" *Id.,* 194 W.Va. at 16, 459 S.E.2d at 127.

The crux of appellant's claim that his counsel's performance was deficient is that counsel suspected his client was incompetent as evidenced by his motion for psychiatric evaluations and his notation on the guilty plea petition, yet failed to request independent examinations or an evidentiary hearing and instead assisted his client in pleading guilty to two malicious assault counts.

■ The record indicates that appellant's counsel made the appointments for evaluations with Dr. Saar and Dr. Alfonso, and that their reports were addressed to him. Therefore, the only psychiatric evidence in the record was the appellant's. Moreover, because these two reports raised no issue regarding the appellant's competency, the circuit court likely would not have granted additional examinations. We have said that before a psychiatric examination is mandated, there should be some initial showing that the defendant is mentally incompetent. *See State v. Myers,* 167 W.Va. 663, 280 S.E.2d 299 (1981) (per curiam). Therefore, we find that counsel's failure to request additional evaluations under the facts of this case does not indicate that his performance was deficient under the first prong of the *Strickland* test.

■ Also, we reject appellant's contention that his counsel's failure to request an evidentiary hearing indicates deficient performance. There are plausible reasons for counsel's decision not to request an evidentiary hearing. For example, as the State suggests, defense counsel may have advised his client against going through with the plea because of his doubts concerning the appellant's competency. Nevertheless, the appellant may have insisted on pleading guilty in light of the evidence against him and his desire to avoid a trial on all three counts of the indictment. Then, after observing the appellant's demeanor and hearing his responses to the circuit court's questions at the plea hearing, counsel became satisfied that the appellant understood what he was doing. Such an explanation is in line with what counsel said at the plea hearing.

We conclude, therefore, that the appellant has failed to rebut the strong presumption that his counsel's performance was adequate, and he has failed to show that his counsel's failure to request an evidentiary hearing was outside the broad range of professionally competent assistance or that no reasonable

lawyer would have so acted under the circumstances of this case. Because we find that the appellant has failed to satisfy the first prong of our test set forth in *Miller,* it is not necessary to address the second prong.[5]

### III.

### CONCLUSION

For the reasons stated above, we find that the circuit court did not err in failing to provide the appellant with an adequate procedure to ensure his competency to enter a plea. We also find that the appellant has failed to show that he was denied effective assistance of counsel. Accordingly, we affirm the October 31, 2000 order of the Circuit Court of Logan County.

Affirmed.

---

5. We believe, however, that under the second prong of *Strickland,* there is very little possibility that, but for defense counsel's failure to request an evidentiary hearing, the result of the proceedings would have been different. First, as discussed previously, the circuit court would not have abused its discretion in denying a motion for an evidentiary hearing in light of the uncontroverted psychiatric evidence that the appellant was competent. Second, it appears probable that an evidentiary hearing would have revealed the appellant's competency to stand trial.