# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs)  **No. 13-1177** (Jackson County 13-F-41)

**Zachery W.,**
**Defendant Below, Petitioner**

**FILED**

September 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Zachery W., by counsel Duane C. Rosenlieb, Jr., appeals the Circuit Court of Jackson County's "Sentencing Order," entered on November 7, 2013, following a jury trial in which petitioner was convicted of two counts of first degree sexual assault, eleven counts of first degree sexual abuse, and thirteen counts of sexual abuse by a person in a position of trust to the child. The Respondent State of West Virginia, by counsel Derek A. Knopp, filed a response to which petitioner replied. Petitioner's appeal centers on his competency to stand trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

**Facts**

In February of 2013, petitioner was charged with multiple sexual offenses involving S.C., a ten-year-old female. The offenses were alleged to have occurred between 2009 and 2012, during which time petitioner babysat S.C. and her sister at the home of the children's mother.[1] The case proceeded to a jury trial in August of 2013. At trial, S.C. testified that petitioner made her touch his "private part" under the bridge near the Ripley Middle School, and that petitioner told her how to do it, calling it "jack-off." S.C. testified that this happened on more than twenty occasions, including when petitioner would take her on four-wheeler rides and when he babysat her at her house. S.C. further testified that petitioner "stuck his private part in [her] mouth."

In addition to S.C., the jury also heard testimony from (1) S.C.'s mother, (2) the forensic interviewer who interviewed S.C. after she reported the allegations, and (3) the lead investigator

---

[1] According to the State's brief, petitioner was the brother of S.C.'s aunt, as well as the aunt's neighbor.

1

from the Jackson County Sheriff's Department. After four days of trial, the jury convicted petitioner of two counts of first degree sexual assault, eleven counts of first degree sexual abuse, and thirteen counts of sexual abuse by a person in a position of trust to the child. Following the submission of a pre-sentence report, the circuit court sentenced petitioner to twenty-five to one hundred years in prison for each of the two sexual assault convictions, to run concurrently with one another; five to twenty-five years in prison for each first degree sexual abuse conviction, to run concurrently with one another; and ten to twenty years in prison for each conviction of sexual abuse by a person in a position of trust to the child, to run concurrently with one another. The circuit court ordered that each of the three sets of convictions run consecutively, for an effective sentence of forty to one hundred and forty-five years in prison.

Petitioner's appeal to this Court centers on a pre-trial psychiatric report prepared by Dr. Suzanne Choby, M.D., that concluded that petitioner was competent to stand trial.[2] Specifically, Dr. Choby opined that petitioner "possessed sufficient present ability to consult with his attorney with a reasonable degree of rational understanding and had a rational and factual understanding of the proceedings against him." She further opined that petitioner "did not, as a result of mental disease or defect, lack capacity to appreciate the wrongfulness of his actions or lack the ability to conform his conduct to the requirements of the law at the time of the alleged offenses." The circuit court held a hearing on February 7, 2013, regarding Dr. Choby's report, and petitioner did not challenge her findings or the circuit court's determination that he was competent to stand trial.

In his brief to this Court, petitioner states that he is twenty-four years old with an I.Q. of only 52. He adds that he suffers from seizure disorder and other medical and social functioning issues, evidenced by his receipt of Social Security benefits until the age of eighteen and lack of high school diploma or G.E.D. Petitioner states that these factors did not surface until the pre-sentence report because they were not considered by Dr. Choby in her pre-trial competency assessment.

**Discussion**

Petitioner asserts on appeal that he is entitled to a new trial as a result of the inadequate competency assessment and asserts the following single assignment of error:

As a possible issue of first impression: The pretrial evaluation ordered by the trial court pursuant to West Virginia Code § 27-6A-2(a) was inadequate as a matter of law because it contained no psychological or neuropsychological testing of petitioner, nor did it utilize any other objective tools to evaluate petitioner's competency to stand trial or his criminal responsibility such as petitioner's prior medical records and diagnosis, his Social Security (SSI) records, nor his prior psychiatric records which showed he had an IQ of 52.

West Virginia Code § 27-6A-2 provides as follows:

---

[2] Petitioner requested the competency evaluation.

(a) Whenever a court of record has reasonable cause to believe that a defendant in which an indictment has been returned, or a warrant or summons issued, may be incompetent to stand trial it shall, *sua sponte* or upon motion filed by the State or by or on behalf of the defendant, at any stage of the proceedings order a forensic evaluation of the defendant's competency to stand trial to be conducted by one or more qualified forensic psychiatrists, or one or more qualified forensic psychologists. If a court of record or other judicial officer orders both a competency evaluation and a criminal responsibility or diminished capacity evaluation, the competency evaluation shall be performed first, and if a qualified forensic evaluator is of the opinion that a defendant is not competent to stand trial, no criminal responsibility or diminished capacity evaluation may be conducted without further order of the court. The initial forensic evaluation may not be conducted at a state inpatient mental health facility unless the defendant resides there.

(b) The court shall require the party making the motion for the evaluation, and other parties as the court considers appropriate, to provide to the qualified forensic evaluator appointed under subsection (a) of this section any information relevant to the evaluations within ten business days of its evaluation order. The information shall include, but not be limited to:

(1) A copy of the warrant or indictment;

(2) Information pertaining to the alleged crime, including statements by the defendant made to the police, investigative reports and transcripts of preliminary hearings, if any;

(3) Any available psychiatric, psychological, medical or social records that are considered relevant;

(4) A copy of the defendant's criminal record; and

(5) If the evaluations are to include a diminished capacity assessment, the nature of any lesser included criminal offenses.

Petitioner argues that Dr. Choby relied too heavily on her interview with petitioner, video interviews with the alleged victim, and an audio recording of petitioner's statement to the police in finding him competent. Petitioner contends that Dr. Choby's assessment was inadequate because she failed to consider "available psychiatric, psychological, medical or social records" for petitioner. W.Va. Code § 27-6A-2(b)(3). We review the circuit court's ruling on the petitioner's competency to stand trial under an abuse of discretion standard. *See State v. Chapman,* 210 W.Va. 292, 298, 557 S.E.2d 346, 352 (2001).[3]

---

[3] We note that petitioner argues that we should apply a *de novo* standard of review because this matter involves the interpretation of West Virginia Code § 27-6A-2. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an

3

Upon our review of the record in this matter, we find no error in the circuit court's ruling on petitioner's competency to stand trial. Dr. Choby's report indicated that "[q]uestions were asked to evaluate for major categories of mental illness and [petitioner] did not qualify for diagnosis of a psychiatric (or intellectual) disorder." The report explored petitioner's psychiatric, medical, and social information, including petitioner's developmental and educational history, relationship history, and legal history. The report further indicated that Dr. Choby was aware of petitioner's previous history of seizures; that he dropped out of school in the ninth grade; and that when in school he was enrolled in special education classes. Dr. Choby also noted that petitioner was alert and aware of the circumstances surrounding the interview; petitioner responded appropriately to social cues and his thoughts were organized; and that petitioner responded appropriately to hypothetical questions to assess judgment.

"To be competent to stand trial, a defendant must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rationale understanding and a rational, as well as factual, understanding of the proceedings against him." Syl. Pt. 1, *State v. Cheshire,* 170 W.Va. 217, 292 S.E.2d 628 (1982) (citations omitted). Dr. Choby's report reveals that when petitioner was asked about the allegations against him, he stated, "They are trying to say that I touched them and made them do sexual things." Further, petitioner stated that he could help his case by "tell[ing] them that I didn't do it, or I could take a lie detector test, but they don't hold up in court." Based on the foregoing, we cannot find error in the circuit court's findings on petitioner's competency.

As for the statutory requirements for the assessment, we find that the court complied with West Virginia Code § 27-6A-2. The circuit court granted petitioner's request for a competency assessment and held a hearing on February 7, 2013, regarding Dr. Choby's report. Importantly, petitioner did not challenge the results of Dr. Choby's assessment, and the circuit court found petitioner competent without objection. There is simply no basis for a new trial in this case.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.") We disagree that this case presents a clear question of law or requires an interpretation of statute. Nevertheless, even if we were to review the circuit court's ruling on the adequacy of Dr. Choby's report de novo, we still find no error.