# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 14-1033** (Mineral County 10-F-143)

**Steven S., Defendant Below,**
**Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven S.[1], by counsel Nicholas T. James, appeals the Circuit Court of Mineral County's June 28, 2011, order sentencing him to an indeterminate term of not less than thirty nor more than sixty years of incarceration after pleading guilty to three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in violation of West Virginia Code § 61-8D-5(a). The State, by counsel Nic Dalton, filed a response. On appeal, petitioner argues the circuit court erred in finding that his guilty plea was entered intelligently, knowingly, and voluntarily.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2010, petitioner's wife alleged that he molested their minor daughters. The Mineral County Sheriff's Department investigated the allegations, filed a criminal complaint, and an arrest warrant issued for petitioner. On July 25, 2010, petitioner was detained in Buffalo, New York by United States Customs agents and held for extradition to the State of West Virginia.

In September of 2010, petitioner was indicted on a total of fifty-six counts including first-degree sexual abuse, first-degree sexual assault, second-degree sexual assault, sexual abuse by a parent, guardian, custodian, or person in a position of trust, and incest. In February of 2011, pursuant to a plea agreement, petitioner pled guilty to three counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in violation of West Virginia Code § 61-8D-5(a) in exchange for the dismissal of the remaining charges. On June 28, 2011, petitioner was

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

sentenced to an indeterminate term of not less than thirty nor more than sixty years of incarceration. It is from this sentencing order that petitioner now appeals.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have also held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that he did not intelligently, knowingly, and voluntarily enter his guilty plea because no written plea agreement was submitted to the circuit court or contained in the court file. While we have recognized that written plea agreements are "the better practice," we have held that there "is no rule requiring that plea agreements be in writing." *State ex rel. Yeager v. Trent*, 203 W.Va. 716, 721, 510 S.E.2d 790, 795 (1998). Likewise, Rule 11(e) of the West Virginia Rules of Criminal Procedure does not require that a plea agreement be in writing, but mandates that "[i]f a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court . . . ." In this case, it is clear from a review of the appendix record that there was a short, handwritten plea document submitted to the circuit court, as well as the required disclosure of the entire plea agreement on the record. We, therefore, reject petitioner's argument that he did not intelligently, knowingly, and voluntarily enter his guilty plea because no written plea agreement was submitted to the circuit court.

Petitioner also argues that he has physical and mental limitations that prevented him from intelligently, knowingly, and voluntarily entering his guilty plea. Petitioner contends that, because of these limitations, the circuit court was required by Rule 11(e) of the West Virginia Rules of Criminal Procedure and this Court's ruling in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), to "make sure the defendant makes an intelligent and knowing waiver of the various rights he or she is waiving and to also eliminate collateral attack after the acceptance of the plea." According to petitioner, the record is "replete with vague responses by petitioner" and the circuit court should have "engaged in a more thorough interrogation" of the petitioner "with many more follow up questions." Petitioner contends that if he "truly understood what he was doing and the consequences" of his plea agreement, he would not have asked the circuit court "where he could work when he gets out."

As for petitioner's claims that his physical and mental limitations affected his ability to answer the circuit court's questions, we find no indication of his alleged inability to answer questions on the record. In *State v. Chapman*, we held that

> [n]o person may be subjected to trial on a criminal charge when, by virtue of mental incapacity, the person is unable to consult with his attorney and to assist in the preparation of his defense with a reasonable degree of rational understanding of the nature and object of the proceedings against him.

Syl. Pt. 3, 210 W.Va. 292, 557 S.E.2d 346 (2001). We have also held that "[t]he test for mental competency to stand trial and the test for mental competency to plead guilty are the same." *Id.* at Syl. pt. 4. It is clear from the record that the circuit court stated at the beginning of the plea hearing that petitioner was hearing impaired and that "we've fitted him at every hearing with a headset that really helps, it helps him to be able to hear." The circuit court also told petitioner that it would repeat any question he could not hear. According to the record, petitioner did not ask the circuit court to repeat any question or state that he could not hear a question the circuit court asked. Moreover, petitioner was able to consult with his attorney, assist in the preparation of his defense, and evaluate his attorney's performance as required by our ruling in *Chapman*. Thus, we find no error in the circuit court's acceptance of petitioner's intelligent, knowing, and voluntary guilty plea.

Pursuant to Rule 11(c) Rule 11(e) of the West Virginia Rules of Criminal Procedure, before the circuit court can accept a guilty plea, it must

> . . . address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: (1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and (2) If the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and (3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, and the right to call witnesses; and (4) That if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and (5) If the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false swearing.

The record on appeal is clear that the circuit court addressed the elements of Rule 11(c) and petitioner affirmatively answered that he understood what his potential sentence might be, he had an attorney during the proceedings, he understood his right to trial and his right to have an attorney at trial, he understood his right to call and to cross-examine witnesses, and he understood that there would be no trial if he pled guilty. Therefore, petitioner intelligently, knowingly, and voluntarily entered his guilty plea.

We have also previously addressed the procedures and dialogue the circuit court should engage in with the defendant when it accepts his or her plea agreement. *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1997). Many of the procedures described in *Call* mirror Rule 11(c) as discussed above. After a review of the record, it is clear that the circuit court conducted a thorough colloquy that satisfied both the requirements of Rule 11 (c) and our ruling in *Call v.*

*McKenzie*. As such, we find no error in the circuit court's acceptance of petitioner's intelligent, knowing, and voluntary guilty plea.

For the foregoing reasons, the circuit court's June 28, 2011, order, is hereby affirmed.

Affirmed.

**ISSUED:  April 12, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II