# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Zackery W.,
Petitioner Below, Petitioner

vs.)  No. 19-0173 (Jackson County 15-C-59)

Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Zackery W., by counsel Roger L. Lambert, appeals the January 25, 2019, order entered in the Circuit Court of Jackson County denying his petition for a post-conviction writ of habeas corpus.[1] Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Mary Beth Niday, filed a summary response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying habeas relief because he received ineffective assistance of counsel at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 4, 2012, petitioner was arrested following allegations that he repeatedly sexually assaulted two young girls whom he sometimes babysat. Prior to trial, petitioner underwent a mental competency evaluation performed by Suzanne Choby, M.D. On February 7, 2013, the trial court held a competency hearing and concluded that petitioner was competent to stand trial.

On August 16, 2013, petitioner was convicted by a jury of two counts of sexual assault in the first degree, eleven counts of sexual abuse in the first degree, and thirteen counts of sexual abuse by a person in a position of trust to a child. At his sentencing hearing, petitioner moved for a sexual offender evaluation. The request was denied, and petitioner was sentenced to concurrent terms of twenty-five-to-one-hundred years for each of the two counts of sexual assault in the first degree, concurrent terms of five-to-twenty-five years for each of the eleven counts of sexual abuse

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

in the first degree, and concurrent terms of ten to twenty years for each of the thirteen counts of sexual abuse by a person in a position of trust to a child. The sentences were imposed consecutively. Petitioner then filed a direct appeal, and this Court affirmed his convictions. *See State v. Zachary W.,* No. 13-1177, 2014 WL 4662486 (W. Va. Sept. 19, 2014) (memorandum decision).

Petitioner filed a self-litigated petition for a writ of habeas corpus on April 30, 2015. He was appointed counsel who filed an amended petition on March 1, 2016, asserting fifteen grounds for relief. Of relevance to the instant appeal, petitioner asserted that he was provided ineffective assistance of counsel at trial. He alleged that his trial counsel, Pancho Morris, was generally ineffective in representing him; that Mr. Morris failed to adequately advise petitioner of the potential consequences of the charges against him and the consequences of refusing a plea deal; and that Mr. Morris and Kevin Postalwait (petitioner's counsel for the preliminary hearings) failed to adequately address the issue of petitioner's competency to stand trial. Finally, petitioner argued that Mr. Postalwait, then his appellate attorney, failed to raise any grounds for appeal other than petitioner's competency. An omnibus hearing was held on February 8, 2018. The circuit court denied petitioner's request for habeas corpus relief by order entered on January 25, 2019. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that he received ineffective assistance of trial counsel. Petitioner asserts that Mr. Morris referred to him as "dimwitted" and, therefore, knew that petitioner had intellectual disabilities. However, counsel made no effort to obtain psychological, psychiatric, or educational records for petitioner. Accordingly, Mr. Morris did not learn until the presentence report that petitioner has an intelligence quotient of fifty-two. Petitioner contends that if trial counsel had obtained his psychological records, the circuit court would have concluded that he was not competent to stand trial.[2] Petitioner also asserts that Mr. Morris failed to properly

---

[2]Petitioner further argues that the habeas court erred in applying the doctrine of res judicata to limit the scope of the evidence presented at the omnibus hearing. The habeas court found (cont.) that petitioner argued on direct appeal to this Court that he was entitled to a new trial due to the inadequacy of his competency assessment. This Court determined that the assessment was adequate. Because the issue has been fully litigated, the habeas court correctly found that further litigation of this issue was barred by res judicata. *See Losh v. McKenzie*, 166 W. Va. 762, 765, 277 S.E.2d 606, 609 (1981) ("Frequently habeas corpus petitioners seek collateral review of evidentiary or constitutional questions, such as the admissibility of a confession or failure to

explain to him the concept of indeterminate sentencing and how an indeterminate sentence differs from a sentence of life with mercy. Petitioner states that he expected to be able to appear before the parole board sooner than his effective forty-to-one-hundred-and-forty-five-year sentence allows and that Mr. Morris confused him by advising that he could "get life".

Claims of ineffective assistance of counsel are governed by the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which states that, in order to prevail on a claim of ineffective assistance of counsel, petitioner must show that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in relevant part, *State v. Miller,* 194 W. Va. 3, 459 S.E.2d 114 (1995). Furthermore,

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6, 459 S.E.2d at 117 (1995). This Court "always . . . presume[s] strongly that counsel's performance was reasonable and adequate[,]" and

> [t]he test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

*Id.* at 16, 459 S.E.2d at 127. Certainly, with the benefit of hindsight, "one always may identify shortcomings, but perfection is not the standard for ineffective assistance of counsel." *Id.* at 17, 459 S.E.2d at 128.

We find that petitioner has failed to satisfy the first prong of *Strickland/Miller*. Petitioner asserts that if Mr. Morris had obtained psychiatric, psychological, or educational records, he could have shown that petitioner was not competent to stand trial. Petitioner's argument fails for several reasons. First, petitioner fails to show that any such records exist. He also fails to identify a single report or record of psychiatric or psychological problems that Mr. Morris should have obtained. Second, Dr. Choby performed a forensic psychiatric report prior to trial and determined that petitioner was competent to stand trial. Petitioner reported at that time that he had some difficulty with his temper and attention span as a teenager; however, he stated that he had no psychiatric

exclude physical evidence, when those issues were fully and fairly litigated during the trial and a record of the proceedings is available. In that event a court may apply rules of res judicata in habeas corpus because the issue has actually been fully litigated.")

diagnoses. Dr. Choby determined that although petitioner's intelligence quota was in the lower range, he was able to understand and assist in his trial. Dr. Choby's report was determined to be reliable by this Court on direct appeal. *See Zachary W.*, 2014 WL 4662486, at *3. At the omnibus hearing, Mr. Morris testified that he believed petitioner to be competent to stand trial. He stated that petitioner understood the role of the judge and jury, the charges laid against him, and the consequences of the verdict. Mr. Morris further stated that at no time was petitioner unable to assist with his trial. Furthermore, when questioned by the habeas court, petitioner was able to answer and respond appropriately. *See State v. Chapman,* 210 W. Va. 292, 557 S.E.2d 346 (2001) ("a trial court is able to observe the demeanor of the defendant and consequently has a better vantage point than [the appellate] [c]ourt to make determinations regarding mental competency") (quoting *State v. Sanders*, 209 W. Va. 367, 379, 549 S.E.2d. 40, 52 (2001)).

Petitioner further asserts that Mr. Morris failed to adequately explain indeterminate sentencing and how that differs from a sentence of life with mercy. Petitioner states that he believed a sentence of life with mercy allows a defendant to appear before the parole board after fifteen years of incarceration; thus he believed he would be allowed to appear before the parole board sooner than his effective forty-to-one-hundred-and-forty-five-year sentence allows. At the omnibus hearing, petitioner admitted that he reached this belief on his own and that he never asked Mr. Morris if he was correct. Petitioner also admitted that Mr. Morris explained each count of the indictment and the penalties for each charge. Petitioner testified that Mr. Morris explained the April 3, 2013, plea offer and the trial court explained the State's final plea offer. When asked if he understood the offer and the possible consequences of going to trial, petitioner confirmed that he understood and stated that he had no questions. Further, as the habeas court found and Mr. Morris testified, petitioner was resistant to any plea agreement. He repeatedly turned down plea offers and testified at a hearing that he would not take a plea deal. Based on the evidence, the habeas court concluded that petitioner failed to show that his counsel's performance was deficient under an objective standard of reasonableness. We agree. Therefore, because the first prong of *Strickland/Miller* has not been met, we need not address the second prong. *See* Syl. Pt. 5 *State ex rel. Daniel v. Legursky,* 195 W. Va. 314, 465 S.E.2d 416 (1995) (holding that "[i]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of [*Strickland/Miller*] but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test.")

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

4