292 S.E.2d 628

**STATE of West Virginia**

v.

**Georgia Jean CHESHIRE.**

No. 15383.

Supreme Court of Appeals of West Virginia.

June 22, 1982.

---

Laurie J. Garrigan, Asst. Atty. Gen., Charleston, for appellee.

V. Alan Riley, Keyser, for appellant.

McGRAW, Justice:

This is an appeal by Georgia Jean Cheshire from her convictions for two offenses of forgery and uttering in the Circuit Court of Mineral County. Conviction was had for each offense upon a guilty plea. The appellant was sentenced to two concurrent terms of imprisonment in the West Virginia State Prison for Women at Pence Springs of not less than one nor more than ten years. The appellant contends she is mentally incompetent and the circuit court therefore erred in accepting her guilty pleas and in denying her motion to set aside her convictions. She also argues that the court should not have considered, for the purpose of denying probation, a confession in which the appellant admitted having committed arson while free on bond pending her sentencing hearing. We find that the lower court did not conduct a proper hearing on the issue of the appellant's competence to enter her guilty pleas, and, therefore, remand the case for further proceedings.

On January 8, 1980, three indictments were returned against the appellant for forgery and uttering. The appellant agreed to plead guilty to one of the charges against her in return for the State's promise to *nolle prosequi* the remaining indictments, and to make no objection to the granting of probation. This agreement was accepted by the trial court. Sentencing was delayed pending the completion of a presentence investigation report.

On May 6, 1980, while awaiting her sentencing hearing, the appellant was indicted for five additional forgery offenses. On May 7, 1980, the appellant's pre-sentence

investigation report was filed with the court. On May 8, 1980, a hearing was held at which counsel for the appellant made a request for psychiatric and psychological examination of the appellant. The court granted this request. The appellant was subsequently examined at the Potomac Highlands Mental Health Guild, and at Weston State Hospital. Examination of the appellant yielded four reports, all of which reached the anomalous conclusion that the appellant was competent to stand trial, but would be unable to assist in the preparation of her own defense.

On August 15, 1980 a hearing was held at which the circuit court, upon review of the appellant's psychological and psychiatric reports, determined that the appellant was competent to stand trial. Sentencing of the appellant in connection with her original guilty plea was delayed pending disposition of the five additional charges.

A plea bargain was subsequently struck between the appellant and the State, similar in terms as the first agreement. At a hearing held August 22, 1980, the circuit court accepted the agreement. Sentencing was again delayed pending an up-date of the previous pre-sentence investigation and the formulation of a plan of restitution.

A few days prior to the scheduled sentencing hearing, the appellant was arrested and charged with second degree arson. At a hearing held February 11, 1981 the prosecuting attorney alleged that the appellant had admitted culpability for the arson in a statement given to the fire marshal. The court commented that if the appellant did make a voluntary statement admitting that she committed arson, probation would be refused. At this time counsel for the appellant requested further psychiatric and psychological evaluation of the appellant for the purpose of determining the appellant's competency to enter the guilty pleas. Counsel also requested a continuance of the sentencing hearing. The court denied further evaluation concerning the guilty

pleas entered in the forgery cases, but permitted further testing concerning the arson charge.[1]

At a hearing held March 13, 1981, the prosecuting attorney introduced the testimony of the fire marshal who stated that the appellant had confessed to committing arson. Sentencing of the appellant was finally had on April 24, 1981. At the final hearing the testimony of Dr. Patricia Miller, the clinical psychologist who had previously examined the appellant, was presented. Dr. Miller's testimony indicated that the appellant was moderately retarded, that she was not competent to stand trial, and that she would not be able to comprehend the consequences of giving a confession. At the conclusion of the hearing the court denied the appellant's motions to vacate her forgery convictions, and to disregard her confession of arson for purposes of probation, ruling that the appellant was competent to enter her guilty pleas, and, without passing on the issue of the appellant's capacity to understand her *Miranda* rights and to waive them, that the fact of arson was sufficiently established to deny probation. The appellant received two concurrent terms of imprisonment of not less than one, nor more than ten years.

■ It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980); *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976); *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), *overruled on other grounds, State v. Demastus, supra; State v. Harrison*, 36 W.Va. 729, 15 S.E. 982 (1892). "To be competent to stand trial, a defendant must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a ra-

---

1. Further psychiatric and psychological evaluation of the appellant was subsequently performed at the West Virginia University Medical Center in Morgantown. The results of this evaluation, however, were not introduced by defense counsel in connection with the forgery charges.

tional, as well as factual, understanding of the proceedings against him." Syllabus Point 4, *State ex rel. Williams v. Narick*, 164 W.Va. 632, 264 S.E.2d 851 (1980); Syllabus Point 2, *State v. Arnold, supra; see also, Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

■ Although the issue has not been addressed in West Virginia, it has generally been held in other jurisdictions that the test for mental competency to stand trial and the test for mental competency to plead guilty are the same. *See United States ex rel. McGough v. Hewitt*, 528 F.2d 339 (3d Cir. 1975); *Malinanskas v. United States*, 505 F.2d 649 (5th Cir. 1974); *United States v. Harlan*, 480 F.2d 515 (6th Cir. 1973); *Wolf v. United States*, 430 F.2d 443 (10th Cir. 1970); *Grennett v. United States*, 403 F.2d 928 (D.C.Cir.1968); *Baker v. United States*, 334 F.2d 444 (8th Cir. 1964); *Clayton v. United States*, 302 F.2d 30 (8th Cir. 1962); *United States v. Valentino*, 283 F.2d 634 (2d Cir. 1960); *State v.*

*Contreras*, 112 Ariz. 358, 542 P.2d 17 (1975); *People v. Heral*, 62 Ill.2d 329, 342 N.E.2d 34 (1976); *Commonwealth v. Miller*, 454 Pa. 67, 309 A.2d 705 (1973); *but cf. Sieling v. Eyman*, 478 F.2d 211 (9th Cir. 1973) (higher standard of competency required for guilty plea). We accept this view.

W.Va.Code §§ 27–6A–1 and 27–6A–2 (1980 Replacement Vol.) specify the procedures through which the competence of a defendant to stand trial may be determined. Since the test for mental competency to stand trial and the test for mental competency to plead guilty are the same, the procedures specified in these statutes are also applicable to a determination of a defendant's competence to enter a guilty plea. Generally, the statutes provide for psychiatric or psychological examination of a criminal defendant who is of questionable competence, and for a hearing at which the defendant's competency is determined.[2] We have previously held that whenever the

---

**2.** W.Va.Code § 27–6A–1 provides:

(a) Whenever a court of record believes that a defendant in a felony case or a defendant in a misdemeanor case in which an indictment has been returned may be incompetent to stand trial or is not criminally responsible by reason of mental illness, mental retardation or addiction, it may at any stage of the proceedings after the return of an indictment or the issuance of a warrant against the defendant, order an examination of such defendant to be conducted by one or more psychiatrists, or a psychiatrist and a psychologist.

(b) After the examination described in subsection (a) of this section, the court of record may order that the person be admitted to a mental health facility designated by the director of health for a period not to exceed twenty days for observation and further examination if the court has reason to believe that such further observation and examination are necessary in order to determine whether mental illness, mental retardation or addiction have so affected a person that he is not competent to stand trial or not criminally responsible for the crime or crimes with which he has been charged. If, before the expiration of such twenty-day period, the examining physician believes that observation for more than twenty days is necessary, he shall make a written request to the court of record for an extension of the twenty-day period specifying the reason or reasons for which such further observation is necessary. Upon the receipt of such request, the court of

record may by order extend said observation period, but in no event shall the period exceed forty days from the date of the initial court order or observation.

(c) At the conclusion of each examination or observation period provided for herein, the examining psychiatrist, or psychiatrist and psychologist, shall forthwith give to the court of record a written signed report of their findings on the issue of competence to stand trial or criminal responsibility. Such report shall contain an opinion, supported by clinical findings, as to whether the defendant is in need of care and treatment.

(d) Within five days after the receipt of the report on the issue of competency to stand trial, or if no observation pursuant to subsection (b) of this section has been ordered, within five days after the report on said issue following an examination under subsection (a) of this section, the court of record shall make a finding on the issue of whether the defendant is competent for trial. A finding of incompetence for trial shall require proof by a preponderance of the evidence. Notice of such findings shall be sent to the prosecuting attorney, the defendant and his counsel. If the court of record orders or if the defendant or his counsel on his behalf within a reasonable time requests a hearing on such findings, a hearing in accordance with section two [§ 27–6A–2] of this article shall be held by the court of record within ten days of the date such finding or such request has been made.

(e) After a conviction and prior to sentencing, the court of record may order a psychiat-

trial court is made aware of a possible problem with a defendant's competency, it is an abuse of discretion to deny a motion for psychiatric evaluation. *State v. Demastus, supra.*

ric or other clinical examination and, after such examination, may further order a period of observation in a mental health facility designated by the director of health. Such a period of observation or examination shall not exceed forty days.

If after hearing conducted pursuant to the procedures prescribed in subsection (c), section four, [§ 27–5–4], article five of this chapter, the court of record makes the findings specified in section four, article five of this chapter or finds that the convicted individual would benefit from treatment in a mental health facility, the court may enter an order of commitment in accord with section four, article five for treatment in a mental health facility designated by the director of health.

(f) In like manner, in accordance with procedures set forth in subsections (a), (b) and (c) of this section, a juvenile court may order a psychiatric examination or a period of observation for an alleged delinquent or neglected juvenile in a mental health facility to aid the court in its disposition. The period of observation shall not exceed forty days.

W.Va.Code § 27–6A–2 provides:

(a) At a hearing to determine a defendant's competency to stand trial, the defendant shall be present and he shall have the right to be represented by counsel and introduce evidence and cross-examine witnesses. The defendant shall be afforded timely and adequate notice of the issues of the hearing and shall have access to a summary of the medical evidence to be presented by the State. The defendant shall have the right to an examination by an independent expert of his choice and testimony from such expert as a medical witness on his behalf. All rights generally afforded a defendant in criminal proceedings shall be afforded to a defendant in such competency proceedings.

(b) At the termination of such hearing the court of record shall make a finding of fact upon a preponderance of the evidence as to the individual's competency to stand trial based on whether or not the individual is capable of participating substantially in his defense and understanding the nature and consequences of a criminal trial. If the individual is found competent, the court of record shall forthwith proceed with the criminal proceedings. If the individual is found incompetent to stand trial, the court of record shall upon the evidence make further findings as to whether or not there is a substantial likelihood that the individual will attain competency within the next ensuing six months, and if the court of record so finds, the individual may be committed to a mental health facility

Here, defense counsel first became aware of a possible problem with the appellant's competence after the appellant's first guilty plea. Counsel's concern with the appellant's competence was prompted by

for an improvement period not to exceed six months. If requested by the chief medical officer of the mental health facility on the grounds that additional time is necessary for the individual to attain competency, the court of record may, prior to the termination of the six-month period, extend the period for an additional three months. Within ten days of the termination of such period, the court of record shall ascertain by hearing in accordance with subsection (a) of this section whether or not the individual has attained competency to stand trial.

(c) If the individual is indicted for a misdemeanor and is found to be incompetent to stand trial with no substantial likelihood of obtaining competency, or if after such improvement period the individual is found to be incompetent to stand trial, the criminal charges shall be dismissed. The dismissal order may be stayed for ten days to allow civil commitment proceedings to be instituted pursuant to article five [§ 27–5–1 et seq.] of this chapter.

(d) If the individual is a defendant in a felony case and is found initially to be incompetent to stand trial with no substantial likelihood of obtaining competency, or if after such improvement period the individual is found to be incompetent to stand trial, then the director of health shall institute against the individual civil commitment proceedings pursuant to article five [§ 27–5–1 et seq.] of this chapter and the criminal charges shall be dismissed. If the individual is committed pursuant to article five [§ 27–5–1 et seq.] of this chapter, then the director of health shall cause the individual's competency to stand trial to be reviewed every six months during the period of his civil commitment, and shall report his findings to the court of record after every such review. If the director of health finds that the individual is competent to stand trial, then a hearing shall be held by the court of record in accordance with subsection (a) of this section. If, after such hearing, the individual is found competent to stand trial, he shall be tried; if, after such hearing, the individual is found incompetent to stand trial, he shall be recommitted for the period of his commitment as ordered pursuant to article five [§ 27–5–1] of this chapter, with mandatory review of his competency to stand trial every six months in accordance with this subsection. If said individual becomes competent to stand trial, the director of health shall notify the prosecuting attorney of the county where the criminal charges were brought against the individual.

information contained in the appellant's pre-sentence investigation report, and by difficulties he had encountered while working with the appellant in the preparation of her case. As a result of his concern, counsel requested psychiatric and psychological examination of the appellant. The trial court properly granted this motion.

Upon subsequent examination, two reports were filed with the court. The trial court, after review of the reports, decided that further examination was necessary to determine the appellant's competence to enter her previous guilty plea and to stand trial on the outstanding charges against her. Accordingly, the court ordered the appellant to be admitted to Weston State Hospital for further observation and examination. *See* W.Va.Code § 27–6A–1. Examination of the appellant at Weston produced two additional reports on the appellant's competence which were filed with the court on August 1, 1980.

Apparently, the trial court failed to make a finding on the issue of the appellant's competence within five days of receipt of the reports from Weston as is required by W.Va.Code § 27–6A–1(d). However, a hearing was held on the issue on August 15, 1980.

The requirements of a hearing to determine a defendant's competency to stand trial are set out in W.Va.Code § 27–6A–2. In *State v. Milam, supra,* we stated in regard to the statutory requirements:

> This section [W.Va.Code § 27–6A–2] contemplates a complete evidentiary hearing and affords the defendant the right to counsel, the right to an examination by an independent expert of choice and the

right to develop all probative evidence on the issue. Following the hearing, the trial court must enter on the record a finding of fact, made upon a preponderance of the evidence, concerning the defendant's competency to stand trial. 159 W.Va. at 698, 226 S.E.2d at 439.

We held in *Milam* that the failure of the trial court to make an independent determination, based on an examination of the totality of the evidence, relative to the defendant's ability to assist counsel and his understanding of the nature of the proceedings constituted non-compliance with the statute.

■ We find this same defect in the record of this case. The transcript of the hearing held August 15, 1980 shows that the trial court failed to make any findings on the appellant's ability to assist counsel and on her understanding of the nature of the proceedings.[3] Due process requires that such findings be made, *State v. Milam, supra; State v. Arnold, supra,* and the appellant's convictions are invalid in their absence.

Consequently, we are remanding this case so that a proper competency hearing can be held as provided in W.Va.Code § 27–6A–2. At the conclusion of the hearing the trial court shall make findings, based on an examination of the totality of the evidence, on the issues of the appellant's ability to assist counsel and her understanding of the nature of the proceedings. To be competent to stand trial or to enter a guilty plea, it is necessary that the appellant have a sufficient present ability to consult with her lawyer with a reason-

---

**3.** The trial court's finding on the issue of the appellant's competence to stand trial, as stated on the record at the hearing held August 15, 1980 is as follows:

> By the Court:
> It's the Court's opinion, both from observation of Mrs. Cheshire in previous cases, during the pendency of these cases, the time when the Court took the pleas of guilty in a former case, and essentially it's borne out by the psychological and psychiatric reports in evaluation that Mrs. Cheshire would be probably criminally responsible for her acts and is probably competent to stand trial. I have not found any evidence of a serious psychiatric

problem with her. She does have somewhat low mentality. On the other hand she exercised enough intelligence and enough matter apparently, at least in the other case, we know that it's admitted that that [*sic*] to enter into this type of procedure of forging and/or falsely pretending that certain checks were good when they were not, I think the former case involved a forgery in which there was a plea of guilty entered. These cases involve also charges of forgery. It indicates at least some ability to understand the basic rules of business and commerce in life. So the Court's finding will be that she is competent to stand trial.

able degree of rational understanding, and a rational as well as a factual understanding of the proceedings. *See State ex rel. Williams v. Narick, supra; State v. Milam, supra.* If it is shown by a preponderance of the evidence that the appellant lacks either of these attributes her convictions must be set aside, and an appropriate disposition made as provided in W.Va.Code § 27–6A–2.

We find it unnecessary at this time to address the appellant's contention that the trial court erred when it considered her arson confession as the determinative factor in denying probation. If it is determined on remand that the appellant was not competent to enter her guilty pleas, this issue will be moot, for if the appellant's convictions are invalid, all questions arising from sentencing pursuant to those convictions become meaningless. Consideration of the appellant's second assignment of error would thus be premature at this time.

For the foregoing reasons this case is remanded for proceedings consistent with this opinion.

Remanded.