## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1282** (Boone County 01-F-116)

**Victor Paul Fowler,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner's appeal, by counsel D. Adrian Hoosier, II, arises from an order entered September 12, 2012, in the Circuit Court of Boone County, wherein his sentence was re-entered to permit him to seek an appeal. Petitioner was sentenced by order entered September 25, 2001, to fifteen to thirty-five years of incarceration for each of two counts of first degree sexual assault, to be served consecutively. The State, by counsel Scott Johnson, has filed its response. On appeal, petitioner argues that the circuit court erred in permitting him to enter a guilty plea without an evaluation of his mental faculties. He also asserts that the circuit court erred in denying petitioner's motion for reconsideration of his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2001, petitioner sexually assaulted two children. Petitioner later waived his right to a preliminary hearing and, on April 18, 2001, he agreed to an information charging him to two counts of first degree sexual assault. Also on that date, petitioner entered into a plea agreement for the same charges. In the written statement to accept his guilty plea, petitioner agreed that he was literate and that, although he had been treated for mental illness, he was not under a physician's care at that time, nor under the influence of medications. On April 30, 2001, the circuit court ordered petitioner to undergo a pre-sentencing evaluation to determine whether treatment for sexual abuse counseling was necessary. The plea agreement was entered by the circuit court on May 2, 2001; in exchange for petitioner's plea, the State agreed not to prosecute him for other crimes arising out of the assaults. During that hearing, petitioner's counsel indicated that the pre-sentencing evaluation had not yet occurred, but did not move to contest the plea deal. At sentencing, on July 20, 2001, the circuit court sentenced petitioner to fifteen to thirty years of incarceration, to be served consecutively, for each of the two charges. Petitioner's trial counsel argued for treatment at the Anthony Correctional Center for young adult offenders, based on the testimony of a physician in support of treatment. The circuit court, however, determined that

1

treatment at that facility was not appropriate for petitioner, due to the nature of his crimes, but that he should receive psychiatric treatment at the Mount Olive Correctional Facility. On September 25, 2001, petitioner moved for reconsideration of his sentence, arguing that he was not receiving the psychiatric treatment ordered by the circuit court and should be committed to the Anthony Center. The circuit court denied his motion to reconsider by order entered November 1, 2001, reiterating its recommendation that the Department of Corrections consider the previous recommendations for psychiatric treatment.

Because petitioner did not object at trial to the circuit court's entry of the guilty plea without psychiatric evaluation, this Court applies the plain error analysis. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Contrary to petitioner's argument that the circuit court erred in failing to recommend a psychiatric evaluation pursuant to West Virginia Code § 27-6A-2, at the plea hearing, petitioner averred that he could read and comprehend the plea agreement, that he had time to consult with counsel, and that he was not affected by any medications at that time. In addition, he demonstrated that he was aware of his name, birthday, residence, housemate, literacy, that he attended high school in Florida through the 11th grade.

> Whenever a court of record has reasonable cause to believe that a defendant in which an indictment has been returned, or a warrant or summons issued, may be incompetent to stand trial it shall . . . order a forensic evaluation of the defendant's competency to stand trial to be conducted by one or more qualified forensic psychiatrists, or one or more qualified forensic psychologists.

W.Va. Code § 27-6A-2. While petitioner stated that he had previously received treatment for a psychiatric condition, nothing in our review of the record shows that the circuit court had reasonable cause to believe he was incompetent to stand trial because it is clear he consulted with his attorney and assisted in the preparation of his defense. "'The test for mental competency to stand trial and the test for mental competency to plead guilty are the same.' Syllabus Point 2, *State v. Cheshire*, 170 W.Va. 217, 292 S.E.2d 628 (1982)." Syl. Pt. 4, *State v. Chapman*, 210 W.Va. 292, 557 S.E.2d 346 (2001).

> The minimal threshold for competency requires that a defendant have both a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960) (per curiam).

*State v. Chapman*, 210 W.Va. at 298, 557 S.E.2d at 352.

> "No person may be subjected to trial on a criminal charge when, by virtue of mental incapacity, the person is unable to consult with his attorney and to assist in

2

the preparation of his defense with a reasonable degree of rational understanding of the nature and object of the proceedings against him." Syllabus Point 1, *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976).

Syl. Pt. 3, *State v. Chapman* 210 W. Va. 292, 557 S.E.2d 346. Based upon our review of the record, we find that the circuit court committed no error when it did not order petitioner to undergo psychiatric evaluation to determine competency.

Petitioner's other assignment of error deals with the sentence imposed. Petitioner argues that he should have been assigned to the Anthony Center. This Court has stated as follows:

Just as a trial court's decision to grant or deny probation is subject to the discretion of the sentencing tribunal, so too is the decision whether to sentence an individual pursuant to the Youthful Offenders Act. The determinative language of West Virginia Code § 25–4–6 is stated indisputably in discretionary terms: "[T]he judge of any court . . . **may** suspend the imposition of sentence . . . and commit the young adult to the custody of the West Virginia commissioner of corrections to be assigned to a center." Id. (emphasis supplied). Since the dispositive statutory term is "may," there can be no question that the decision whether to invoke the provisions of the Youthful Offenders Act is within the sole discretion of the sentencing judge. *See State v. Allen*, 208 W.Va. 144, [157], 539 S.E.2d 87, [100] (1999) (recognizing that "[c]lassification of an individual as a youthful offender rests within the sound discretion of the circuit court"); accord *State v. Richards*, 206 W.Va. 573, 575, 526 S.E.2d 539, 541 (1999) (stating that Youthful Offenders Act "grants discretionary authority to the circuit courts to suspend imposition of sentence, and place a qualifying defendant in a program of rehabilitation at a youthful-offender center") (citation omitted).

*State v. Shaw*, 208 W.Va. 426, 430, 541 S.E.2d 21, 25 (2000). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008). Upon review of the record, the circuit court sentenced petitioner within the statutory limit for first degree sexual assault pursuant to West Virginia Code § 61-8B-3, the sentences were not based on an impermissible factor, and are not shocking or disproportionate. Furthermore, the plea agreement did not require youthful offender treatment sought by petitioner, such as that offered at the Anthony Center and the circuit court was within its discretion to decline to sentence him pursuant to the Youthful Offenders Act. This Court finds no error in the circuit court's denial of petitioner's Rule 35(b) motion because petitioner was properly sentenced pursuant to the statute. Therefore, under the facts of this case, petitioner's sentence is not found to be excessive, and we find no error in the circuit court's order. For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II