# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harvey Patrick Short,**
**Petitioner Below, Petitioner**

**FILED**

March 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0475** (Kanawha County 13-P-168)

**State of West Virginia,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Harvey Patrick Short, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered April 1, 2013, that denied his most recent petition for a writ of habeas corpus. Respondent State of West Virginia, by counsel Derek Knopp, filed a response.[1]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2005, petitioner robbed a 7-11 convenience store by telling the clerk to open the register. The clerk complied with petitioner's direction. Petitioner was subsequently indicted for second-degree robbery.

The matter came on for trial on March 31, 2008. The circuit court found that based on a psychiatric report dated March 12, 2008, petitioner was competent both to stand trial and to be held criminally liable, but noted that the parties had reached a plea agreement. The plea agreement provided that petitioner would plead guilty to second-degree robbery. In exchange, the State would dismiss other charges, including forgery and battery upon a correctional officer, and would not pursue recidivist charges against petitioner. The State would also make a non-binding recommendation of five to eighteen years in prison, and petitioner would be free to argue for an alternative sentence.

During petitioner's plea colloquy, the circuit court questioned petitioner about his history of treatment for mental illness. Petitioner indicated that he suffered from paranoid schizophrenia

---

[1] The State also moved to supplement the record and filed a proposed supplemental appendix. After careful consideration, this Court grants the State's motion and orders the supplemental appendix filed.

1

and that he had been approved for social security disability. The circuit court asked petitioner what medications he was taking. Petitioner answered that since his incarceration in 2005, he had been prescribed Haldol and Cogentin.[2] The circuit court inquired whether the medications helped petitioner. Petitioner stated that the medications had helped him. The circuit court specifically asked whether the medications stabilized petitioner, and aided him in thinking clearly and making good decisions. Petitioner answered "yes" to both of those questions.

The circuit court also inquired whether petitioner was satisfied with the representation by his counsel, noting that petitioner had complained about his previous attorneys.[3] Petitioner responded that (a) he was satisfied with his counsel; (b) counsel had done what petitioner asked him to do; and (c) counsel did not do anything petitioner did not want him to do. Petitioner stated that his answers regarding counsel's representation were truthful. At the end of the plea colloquy, the circuit court concluded that petitioner had freely and voluntarily entered into the plea agreement and accepted his guilty plea. The circuit court adjudged petitioner guilty of second-degree robbery. The circuit court ordered a pre-sentencing report and a sixty-day diagnostic evaluation with regard to petitioner's addiction problems.[4]

At a January 15, 2009, sentencing hearing, both petitioner and his counsel argued for alternative sentencing. The circuit court denied the request for alternative sentencing, noting that petitioner's criminal history spanned four states and that he was likely to re-offend if he was not incarcerated. The circuit court sentenced petitioner to five to eighteen years in prison.[5]

Subsequently, petitioner filed several *pro se* habeas corpus petitions that the circuit court denied in an August 31, 2010, order, in which the circuit court cancelled a previously scheduled habeas corpus omnibus hearing and denied relief based upon the record. The circuit court determined that "Petitioner knowingly plead [sic] guilty" and that the sentence imposed fell within the discretionary statutory guidelines of West Virginia Code § 61-2-12(b). Petitioner appealed that denial of habeas relief, and this Court affirmed the denial. *See Short v. Waid*, No. 101330, 2011 WL 8183079 (W.Va. Supreme Court, November 10, 2011) (memorandum decision).

Petitioner filed the instant petition for a writ of habeas corpus on March 26, 2013, alleging fifteen grounds for relief, eleven of which addressed whether petitioner received an adequate

---

[2] On appeal, petitioner states that in addition to Haldol and Cogentin, he was taking Risperdal along with two blood pressure medications at the time of his plea hearing.

[3] Petitioner had also indicated that he wanted to waive his right to counsel. However, at an August 24, 2006, hearing, the circuit court determined that petitioner would continue to be represented by counsel because, when questioned, petitioner was indecisive about his intentions.

[4] Petitioner indicated during the hearing that he had an alcohol and cocaine addiction.

[5] One of petitioner's post-conviction claims has been that toward the end of the sentencing hearing, the circuit court produced an already prepared sentencing order.

2

competency proceeding. Two of the remaining four grounds were based on petitioner's claim that the circuit court produced an already prepared sentencing order at the end of the sentencing hearing. Lastly, petitioner averred that he was denied his right to represent himself and was denied his right to appeal. On April 1, 2013, the circuit court denied the petition noting that petitioner had filed four previous petitions and that "[t]hree of those cases were appealed to the West Virginia Supreme Court of Appeals and those were all affirmed in memorandum decisions by the High Court."[6] The circuit court concluded that "[a]fter careful review of the Petitioner's writ and the record, . . . the Petitioner's Petition for Writ of Habeas Corpus is frivolous." Petitioner now appeals the circuit court's April 1, 2013, order denying the petition.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner asserts that (1) the circuit court erred in denying the petition without a hearing and appointment of counsel; (2) petitioner was not competent to plead guilty because he was under the influence of Haldol, Cogentin, and Risperdal at the plea hearing; (3) petitioner was not competent to plead guilty because he had been approved for social security disability; (4) counsel provided ineffective assistance because counsel failed to object to the violation of petitioner's right to a speedy sentencing hearing; and (5) petitioner was denied his right to represent himself. This Court will address these issues in reverse order.

As the circuit court noted, petitioner had expressed dissatisfaction with his former attorneys. Petitioner had also made some equivocal statements that he wanted to represent himself. However, petitioner was satisfied with the attorney who represented him at the plea hearing. In response to the circuit court's questions, petitioner indicated that (a) counsel satisfied him; (b) counsel had done what petitioner asked him to do; and (c) counsel had not done anything petitioner did not want him to do. Therefore, this Court concludes that petitioner was not denied his right to represent himself.

Petitioner next argues that counsel was ineffective in that the delay of his sentencing hearing gave the circuit court time to pre-prepare a sentencing order, which resulted in the court not considering petitioner's arguments for an alternative sentence. This Court rejects this argument for two reasons. First, the sentencing transcript reflects that counsel did argue for an alternative

---

[6] A memorandum decision constitutes a decision on the merits pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure. *See* Rule 21(a), W.V.R.A.P.

sentence on petitioner's behalf and that the circuit court considered those arguments. Second, this Court has already concluded that "petitioner's arguments regarding the sentencing order lack merit." *Short*, 2011 WL 8183079, at *2.

Next, petitioner argues that because the Social Security Administration found him disabled, the circuit court should have found him mentally incompetent. However, the test for competency to plead guilty[7] is different than the standard used to determine disability for social security purposes. Thus, this Court determines that the issue is without merit.

Fourth, petitioner's claim that he was not competent to plead guilty because he was under the influence of Haldol, Cogentin, and Risperdal is contradicted by his testimony at the plea hearing. In response to the circuit court's questions, petitioner stated that his medications helped him, stabilized him, and aided him in thinking clearly and making good decisions. Accordingly, this Court finds that petitioner's argument lacks merit.

Finally, while petitioner asserts that the circuit court erred in denying the petition without a hearing and appointment of counsel, the State correctly notes that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). After careful consideration, this Court determines that the circuit court did not clearly err in finding that the petition was frivolous. Therefore, this Court concludes that the circuit court did not abuse its discretion in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: March 14, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] "The test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, *State v. Cheshire*, 170 W.Va. 217, 292 S.E.2d 628 (1982).