# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 14-1004** (Mingo County 07-F-11)

**Glen M.,**
**Defendant Below, Petitioner**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Glen M.[1], by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's September 8, 2014, order re-sentencing him to prison for two terms of fifteen to thirty-five years for two counts of first-degree sexual assault, in violation of West Virginia Code § 61-8B-3, and two terms of ten to twenty years for two counts of sexual abuse by a custodian, in violation of West Virginia Code § 61-8D-5. The State of West Virginia, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that (1) his sentence is constitutionally excessive; (2) he was incompetent to enter a plea or be sentenced; (3) insufficient evidence; and (4) ineffective assistance of trial counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2006, petitioner was arrested on charges of sexually assaulting/abusing multiple victims under the age of eleven beginning in 2003 and ending in 2006. In November of 2006, the circuit court ordered that petitioner undergo a mental competency evaluation to determine whether he was criminally responsible at the time of the alleged offenses and competent to stand trial. In January of 2007, the circuit court held a competency hearing to consider the issue of petitioner's criminal responsibility at the time of alleged criminal acts and his competence to stand trial. At that hearing, without objection, the circuit court admitted the psychiatric/psychological mental competency report, and, based on the evidence presented therein, the circuit court found that petitioner was criminally responsible and competent to stand trial.

---

[1] In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial.

1

During its 2007 January term, the Grand Jury of Mingo County returned an indictment against petitioner, charging him with thirty counts of first-degree sexual assault and thirty counts of sexual abuse by a custodian against two victims under the age of eleven. Following the indictment, petitioner's counsel moved for a second mental competency evaluation based on observations of his client. In March of 2007, the circuit court held a hearing on petitioner's motion for a second mental competency evaluation and granted the same.

In April of 2007, pursuant to a plea agreement reached between petitioner and the State, the circuit court held a plea hearing. At the outset of the hearing, the circuit court noted that petitioner's second mental competency evaluation again determined that he was competent to stand trial. Based on the evidence presented, the circuit court found that petitioner was competent to proceed. Thereafter, petitioner pled guilty to four counts: two counts of first-degree sexual assault and two counts of sexual abuse by a custodian. In exchange for his plea, the State agreed to dismiss the remaining counts in the indictment and agreed not to oppose concurrent prison terms. During the plea colloquy between petitioner and the circuit court, petitioner stated that he understood the consequences of his guilty plea, including any potential prison sentence, and the rights he was waiving by pleading guilty. He also relayed that his guilty plea was not the result of any promises, threats, or inducements and that his counsel had reviewed the matter with him. He specifically agreed that he was satisfied with his counsel's performance. In providing the factual basis for his guilty plea, petitioner described in detail the sexual assaults/abuses for which he was charged, and that the victims were under the age of eleven, while he was older than fourteen years of age. At the conclusion of the hearing, the circuit court accepted his guilty plea and ordered a presentence investigation report.

In May of 2007, the circuit court held a sentencing hearing in this matter. Following arguments by the parties and discussion of the presentence investigation report, the circuit court sentenced petitioner to fifteen to thirty-five years in prison for each count of first-degree sexual assault, to run consecutively to one another, and ten to twenty years in prison for each count of sexual abuse by a custodian, to run consecutively to one another but concurrently to each count of first-degree sexual assault. Petitioner's aggregate sentence was thirty to seventy years in prison. Petitioner was resentenced for appellate purposes on September 8, 2014, and this appeal followed.

This Court has previously explained that "[a]n appeal ordinarily does not lie in a criminal case from a judgment or conviction rendered upon a plea of guilty." *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978). However, we also held in Syllabus Point 1 of *Sims* that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id*. at 212, 248 S.E.2d at 835, Syl. Pt. 1. Further, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). Regarding the alleged sentencing error, "[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based

on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Finally, we recognize that "[a] guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979).

On appeal, petitioner's first assignment of error is that his sentence is constitutionally excessive. While petitioner argues that his prison term is tantamount to a life sentence due to his age and, therefore, is constitutionally excessive, we find that petitioner's sentence is not appropriate for appellate review. Petitioner pled guilty to two counts of first-degree sexual assault, in violation of West Virginia Code § 61-8B-3, and two counts of sexual abuse by a custodian, in violation of West Virginia Code § 61-8D-5. Pursuant to the statutory guidelines in West Virginia Code §§ 61-8B-3 and 61-8D-5, petitioner was sentenced to prison for two terms of fifteen to thirty-five years and two terms of ten to twenty years, respectively. As those sentences were within statutory guidelines and not based on any impermissible factor, they are not subject to appellate review. Furthermore, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life-recidivist sentence." *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 531, 276 S.E.2d 205, 211 (1981). Because this case involves neither the possibility of an unlimited sentence nor a life-recidivist statute, we decline petitioner's invitation to apply proportionality principles herein.

Next, petitioner asserts that he was incompetent at the time of his plea hearing and could not knowingly, intelligently, and voluntarily enter his guilty plea.[2] "'It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent.' *State v. Cheshire*, 170 W.Va. 217, 219, 292 S.E.2d 628, 630 (1982)." Syl. Pt. 5, *State v. Hatfield*, 186 W.Va. 507, 413 S.E.2d 162 (1991). This Court has explained that

> [n]o person may be subjected to trial on a criminal charge when, by virtue of mental incapacity, the person is unable to consult with his attorney and to assist in the preparation of his defense with a reasonable degree of rational understanding of the nature and object of the proceedings against him.

Syl. Pt. 1, *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976). In Syllabus Point 3 of *State v. Arnold*, 159 W.Va. 158, 219 S.E.2d 922 (1975), overruled on other grounds by *State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980), this Court held that "[w]hether a formal inquiry as to the mental capacity or competency of a defendant should be ordered is a question to be resolved within the sound discretion of the trial court." Further, in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), this Court outlined the procedures for trial courts to follow to

---

[2]We note that "[t]he test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, *State v. Cheshire*, 170 W.Va. 217, 292 S.E.2d 628 (1982).

3

ensure that guilty pleas are entered knowingly, voluntarily, and intelligently.[3] *See also* W.Va. R. Crim. P. 11 (providing responsibilities for circuit court to ensure plea is proper). Following our review of the record on appeal, it is clear that the circuit court initially determined that there was reason to order a mental competency evaluation and to grant petitioner's motion for a second mental competency evaluation. On two separate occasions, petitioner underwent court-ordered mental competency evaluations. In both instances, the medical professionals who evaluated petitioner found that he was competent to stand trial. Further, at a competency hearing held in January of 2007, the circuit court found that petitioner was competent to proceed. At his subsequent plea hearing, the circuit court clearly adhered to the requirements of both *Call v. McKenzie* and Rule 11 during its thorough plea colloquy with petitioner. Therefore, based on our review of the record in this matter, we find no error in the circuit court's findings that petitioner was competent to enter his plea.

---

[3]Syl. Pts. 3, 4, and 5, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), provide that

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

> Where there is a plea bargain by which the defendant pleads guilty in consideration for some benefit conferred by the State, the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record.

> A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in Habeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

4

Further, to the extent petitioner asserts that the circuit court erred in denying him a full competency hearing, we disagree. As we explained in Syllabus Point 2 of *Milam*,

> [u]nder the provisions of W.Va. Code [§] 27-6A-1, as amended, when a trial court has reason to believe that a defendant in a criminal case may be incompetent to stand trial and orders a mental examination of the defendant, the defendant is entitled as a matter of right to a full evidentiary hearing on the question of his competency.

159 W.Va. 691, 226 S.E.2d 433; *see also* W.Va. Code § 27-6A-2 (prescribing the procedure to be followed at a mental competency hearing). In this case, the record clearly reflects that the circuit court held a full competency hearing on January 17, 2007. At that hearing, the circuit court specifically provided petitioner an opportunity to challenge the admission of the psychiatric/psychological report and to present additional evidence on the issue of his mental competence. As such, we find no error in this regard.

Petitioner's third assignment of error is that the evidence was insufficient to convict him of these offenses. As noted above, "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Sims* at 212, 248 S.E.2d at 835, Syl. Pt. 1; see also Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995) (holding that "[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt."). Further, "[o]ur law is well established that non-jurisdictional errors are waived by the entry of a voluntary guilty plea." *Pethel v. McBride*, 219 W.Va. 578, 595, 638 S.E.2d 727, 744 (2006). Therefore, based on the foregoing, we find that this issue is not proper for appellate review.

Finally, petitioner claims that he was provided ineffective assistance of trial counsel. We addressed this issue in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

5

Upon our review of the appendix, we find that the record in this case is insufficient to address the merits of petitioner's ineffective assistance of counsel claim. This alleged error is better suited for a petition for writ of habeas corpus where evidence on the issue may be fully developed.

For the foregoing reasons, the circuit court's September 8, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II