# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Robert C.,
**Petitioner below, Petitioner**

**v.) No. 24-61** (Cabell County 21-C-313)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,[1]**
**Respondent below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert C. appeals the December 23, 2023, order of the Circuit Court of Cabell County denying his amended petition for a writ of habeas corpus.[2] The petitioner argues that the circuit court failed to make findings of fact and conclusions of law sufficient to permit meaningful appellate review. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In May 2015, the petitioner was arrested for committing sex offenses against his minor daughter. In a statement to law enforcement, the petitioner admitted to having sexual intercourse with his fourteen-year-old daughter and to sending her sexually explicit text messages and nude images. The petitioner underwent a mental evaluation, which showed that he was criminally responsible for his conduct and competent to either stand trial or plead guilty.[3] The petitioner and the State reached a plea agreement, pursuant to which the petitioner agreed to be charged by information. The plea agreement further provided that the petitioner would plead guilty to two counts of sexual abuse by a parent, two counts of incest, and one count of solicitation of a minor via computer in exchange for the State's promise not to file additional charges against the

---

[1] The current superintendent has been substituted as the respondent. *See* W. Va. R. App. P. 41(c).

[2] The petitioner appears by counsel Jason T. Gain, and the respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Sandra M. Walls. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] "The test for mental competency to stand trial and the test for mental competency to plead guilty are the same." Syl. Pt. 2, *State v. Cheshire*, 170 W. Va. 217, 292 S.E.2d 628 (1982).

petitioner. Due to the plea agreement, the parties jointly moved to waive the preliminary hearing, which motion the circuit court granted in June 2015.

At a May 2016 plea hearing, the circuit court questioned the petitioner and his trial counsel regarding the petitioner's intention to plead guilty. The circuit court found that the petitioner consulted with trial counsel, received trial counsel's advice regarding the constitutional rights he was waiving by pleading guilty, and indicated satisfaction with his representation. The circuit court concluded that the petitioner "knowingly and intelligently waived all of his constitutional rights." The State provided the factual basis for the guilty pleas because the petitioner entered the pleas pursuant to *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987).[4] The circuit court found that a factual basis existed for the petitioner's guilty pleas and accepted the petitioner's oral and written pleas. Therefore, the circuit court adjudicated the petitioner guilty of two counts of sexual abuse by a parent, two counts of incest, and one count of solicitation of a minor via computer.

According to the presentence investigation report (PSI report), the petitioner showed no remorse for his criminal acts and did not acknowledge that he committed sex offenses against his minor daughter. The probation officer explained that, when the petitioner was asked, "he states that he does not remember[,]" and, "[w]hen questioned further, he states that he guesses he did send texts, because he saw them on his daughter's phone." At an April 2016 sentencing hearing, the petitioner did not make any objections to the PSI report but addressed the circuit court prior to sentencing.[5] For his convictions for sexual abuse by a parent, incest, and solicitation of a minor via computer, the circuit court sentenced the petitioner to an aggregate term of thirty-two to eighty years of incarceration. The petitioner filed a motion for reconsideration of sentence in August 2016, which the circuit court denied following an October 2016 hearing.

In August 2021, the petitioner filed a petition for a writ of habeas corpus. The circuit court appointed habeas counsel, who filed an amended petition in March 2022. With the amended habeas petition, the petitioner submitted a *Losh* checklist that waived all habeas grounds not initialed by him.[6] The petitioner initialed the following grounds as the issues he intended to raise: (1) consecutive sentences for the same transaction; (2) excessiveness or denial of bail; (3) severer sentence than expected; (4) excessive sentence; (5) prejudicial pretrial publicity; (6) coerced confession; (7) involuntary guilty plea; (8) mental competency at the time of the crimes; and (9) ineffective assistance of trial counsel. However, in the amended habeas petition, the petitioner

---

[4] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier* that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W. Va. at 10, 357 S.E.2d at 43.

[5] The record contains the circuit court's sentencing order but does not include the sentencing hearing transcript.

[6] The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), wherein we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

2

stated that he was raising the first four grounds for relief so "as not to waive them on the *Losh* [c]hecklist but concede[d] that [each of these grounds] entitles him to no relief."

Regarding the five other grounds for habeas relief, the petitioner initially asserted that there was prejudicial publicity surrounding his criminal case and that, if the case had been transferred to a different county, he would likely have elected to go to trial instead of pleading guilty. Next, the petitioner alleged that his statement to law enforcement was coerced because his medical records show that, at the time he confessed, he was suffering blackouts. The petitioner further asserted that his *Kennedy* pleas were involuntary because trial counsel ignored his repeated requests that he wanted to enter regular guilty pleas as the nature of *Kennedy* pleas prevented him from expressing remorse for his conduct to the circuit court at sentencing. The petitioner did not make independent allegations regarding his mental competency but addressed the issue within the context of ineffective assistance of counsel. The petitioner alleged that trial counsel failed to thoroughly investigate his medical issues both before advising him to plead guilty and before sentencing; did not properly argue at sentencing that the petitioner suffered from mental illness; did not obtain the petitioner's medical history from the Veterans Administration; and did not meaningfully argue that the petitioner should receive a lesser sentence due to his blackouts and medical history.

At a February 9, 2023, hearing, the petitioner initially testified in support of his amended habeas petition and moved the circuit court for permission to add lack of a preliminary hearing to his habeas claims despite the fact that he waived a preliminary hearing in June 2015. The circuit court granted the petitioner's motion. At a May 16, 2023, hearing, the circuit court heard testimony from the petitioner, his trial counsel, and the law enforcement officer who took the petitioner's statement. The petitioner also introduced into evidence various documents representing "my life story" from childhood until the present, including "everything that I have accomplished over the last eight years, multiple moral rehabilitations, completion of the SOP1 and 2 program[s]." Next, the circuit court heard the parties' closing arguments. As a part of his closing argument, the petitioner asserted that the circuit court confronted conflicting testimony from the petitioner and trial counsel, and trial counsel did not completely recall what he told the petitioner about the nature of *Kennedy* pleas. During the respondent's closing argument, the respondent asserted that the petitioner's testimony was unreliable.

At the conclusion of the May 2023 hearing, the circuit court denied the petitioner's amended habeas petition, finding that "the petitioner did not carry the burden in this matter on any of the grounds set forth." More specifically, the circuit court found that there was no evidence of any significant publicity surrounding the underlying criminal case. Regarding the voluntariness of the petitioner's *Kennedy* pleas, the circuit court referenced the plea colloquy it had with the petitioner, stating that, when it accepts guilty pleas, "I know I'll go over it very carefully with them, all their rights, and make sure they're satisfied with their attorney, and all those type of things." The circuit court further found that its sentencing of the petitioner was proper and that it had already considered and denied a motion for reconsideration of sentence in the criminal case. Therefore, the circuit court reiterated that the petitioner failed to show that he was entitled to a writ of habeas corpus. By an order entered on December 27, 2023, the circuit court memorialized its denial of the amended habeas petition, noting that its decision was based upon the evidence and testimony presented at the habeas hearings.

The petitioner appeals the circuit court's December 27, 2023, order denying his amended habeas petition. We have held:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). Pursuant to West Virginia Code § 53-4A-7(c), a circuit court in a habeas proceeding must make specific findings of fact and conclusions of law regarding each one of the petitioner's grounds for relief. Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997).

On appeal, the petitioner argues that this Court should vacate the circuit court's December 27, 2023, order and remand this case to the circuit court for the entry of a comprehensive order containing detailed findings of fact and conclusions of law to permit meaningful appellate review of the court's denial of habeas relief. The respondent counters that, in this appeal—where this Court can examine a fully developed record and discern that the habeas petition lacks merit—no remand is necessary. We agree with the respondent.

The petitioner acknowledges that the circuit court made findings at the conclusion of the May 2023 hearing but argues that those findings were too limited to allow this Court to meaningfully review the denial of his amended habeas petition. However, in *State v. Redman*, 213 W. Va. 175, 578 S.E.2d 369 (2003), the circuit court incorporated by reference its findings from an earlier order when ruling on a motion for reduction of sentence from the bench. *Id.* at 179, 578 S.E.2d at 373. Therefore, this Court concluded that "the lower court was not in violation of this Court's holdings that require findings of fact and conclusions of law as a necessary prerequisite to appellate review." *Id.* at 180, 578 S.E.2d at 374. In this case, the circuit court referenced the plea colloquy it had with the petitioner at the May 2016 plea hearing. At that hearing, the circuit court found that the petitioner consulted with trial counsel; received trial counsel's advice regarding the constitutional rights he was waiving by pleading guilty; and indicated satisfaction with his representation. The circuit court concluded that the petitioner made a knowing and intelligent waiver of all of his constitutional rights. In Syllabus Point 2 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), we held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." *Id.* *See State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) ("In the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."). Therefore, we find that the circuit court's findings at the May 2023 hearing and the record taken as a whole permit this Court to meaningfully review the circuit court's denial of habeas relief.

The record reflects that all of the petitioner's claims have been waived pursuant to Syllabus Point 2 of *Call*, conceded by him, and/or have no merit. The petitioner conceded that four of his

4

grounds for relief in the amended habeas petition do not entitle him to relief. The petitioner's claim that there was no preliminary hearing lacked merit because it was contradicted by the petitioner's June 2015 waiver of the same. The pretrial publicity issue was waived via the petitioner's guilty pleas, and, contrary to the petitioner's argument, the circuit court made a clear finding that there was no evidence of any significant publicity surrounding the underlying criminal case. While the petitioner states that his mental illness at the time of the offenses supports his request for habeas relief, in his criminal case, the circuit court found him to be both criminally responsible and mentally competent following an evaluation. The petitioner further argues that his statement to law enforcement was coerced, but the statement did not serve as the basis for the petitioner's convictions. Instead, the circuit court convicted the petitioner of sex offenses against his minor daughter based upon its finding that he knowingly and intelligently pleaded guilty to those charges.

Under the petitioner's last two habeas claims, the petitioner argues that his *Kennedy* pleas were involuntary because trial counsel was ineffective in ignoring his repeated requests that he wanted to enter regular guilty pleas as the nature of *Kennedy* pleas prevented him from expressing remorse for his conduct to the circuit court at sentencing. Essentially, the petitioner argues that, if he and/or his trial counsel had done things differently leading up to and at his sentencing hearing, he would have received a more lenient sentence.

We have held:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id*. at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). Regarding the first prong of the *Strickland/Miller* test—allegedly deficient performance—the circuit court considered conflicting testimony from the petitioner and trial counsel. "[W]here there is a conflict of evidence between defense counsel and the defendant, the circuit court's findings will usually be upheld," *Legursky*, 195 W. Va. at 327, 465 S.E.2d at 429, and, in this case, the circuit court rejected the petitioner's involuntariness and ineffective assistance claims along with all of his other grounds for relief. We defer to the circuit court's weighing of the evidence and judging of the credibility of witnesses because those tasks exclusively belong to the finder of fact. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

Regarding the second prong of the *Strickland/Miller* test—alleged prejudice—the petitioner has failed to prove that he would not have received an aggregate sentence of thirty-two to eighty years of incarceration. The judge who denied habeas relief was the same judge who sentenced the petitioner in the criminal case and then denied his motion for reconsideration of

sentence. Therefore, the judge knew whether anything the petitioner and/or trial counsel would have done differently would have caused him to impose a more lenient sentence. *See Watson*, 200 W. Va. at 204, 488 S.E.2d at 479 (recognizing that the trial judge can be sufficiently familiar with the criminal case to determine some habeas claims summarily).[7] In denying habeas relief, the judge found that his sentencing of the petitioner was proper, and, in a case where the petitioner committed multiple sex offenses against his minor daughter, the petitioner fails to show that the result of the sentencing hearing would have been any different than it was. Therefore, we conclude that the circuit court did not abuse its discretion in denying the amended petition for a writ of habeas corpus.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[7] In *Watson*, this Court ordered the circuit court to hold a hearing on ineffective assistance of counsel. 200 W. Va. at 204-05, 488 S.E.2d at 479-80. In this case, the circuit court held a hearing at which the petitioner and trial counsel both testified. In addition, because the petitioner argues that—but for trial counsel's ineffective assistance, he would have received a more lenient sentence—the judge's familiarity with the criminal case directly impacted on the merits of the petitioner's ineffective assistance claim.